## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-113 |
| | ) | |
| COMMISSIONER GEORGIA | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, WARDEN | ) | |
| BOBBITT, CHATHAM | ) | |
| COUNTY D.A., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, Daniel Cobble, brought this 28 U.S.C. §2241 petition seeking habeas relief.  Doc. 1.  The court first addressed Cobble's petition on June 17, 2021, when it denied his Motion for Leave to Proceed *in forma pauperis* ("IFP"), because he, as he often does, asked the Court to withdraw the filing fee from his private account rather than remit payment or seek IFP status.  Doc. 4 at 2.  Then, after noting Cobble's extensive and vexatious litigation history, the Court directed Cobble to submit a list of *all* of his prior cases before this and any other court.  Doc. 5 at 4.  The Court further instructed Cobble to include the following

language on his list: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." *Id.* at 4-5.

After almost two months passed with no response from Cobble, the Court screened his Petition to determine whether it appeared that he was entitled to relief. *See* R. Gov. § 2254 Cases 4 (requiring the Court to review and dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also* R. Gov. § 2254 Cases 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). The screening found Cobble's petition "confusing and virtually illegible." Doc. 12 at 2. Additionally, because the Court's prior Orders, docs. 4 & 5, had been returned as undeliverable, the Court inferred that Cobble had been released from State custody and transferred to federal custody, where he is believed to be housed on a conviction for mailing threatening letters to United States District Court Judges, *see United States v. Cobble*, CR5:14-077, doc. 766 (M.D. Ga. Jul. 16, 2018). He did not update his address with the Court, however. Cobble was directed to file an amended petition within 30 days of the Court's Order August 2, 2021 Order. Doc. 12. He

was further instructed to utilize the form prescribed for §2241 petitions and to completely answer each presented question. *Id*. at 3.  He was again instructed to prepare and file with his amended petition a complete list of all cases seeking habeas relief that he has filed with this or any other court, including every involved party, the considering court, the docket number, and every asserted claim. *Id*. at 4.

Cobble belatedly responded to the Court's first Orders, docs. 4 & 5, by submitting an Objection, doc. 14, and a Response, doc. 15.  He never provided his address to the Court and never responded to the Court's August 2, 2021 Order, doc. 12.  In the two filings, Cobble's script is again barely legible.  To the extent the Court can decipher it, Cobble objects to the requirement that he declare anything under penalty of perjury.  Doc. 14 at 2.  He also claims that he "fully intends on killing all 30 million past and present fed[sic] and states [sic] Government employees in this country called USA . . . that means you Judge Chris Ray . . . ." *Id*. at 3. His submission contains excerpts from an order issued in another case, CV 620-101, intermixed between the pages of his own pleading. *See, e.g*, *id*. at 4.  The excerpts contain his own notations and arguments.  He continues to make rambling and incoherent arguments regarding his

right to file claims, *id.* at 8, to "enforce [his] state/fed [sic] sentences," *id.* at 9-10, challenge his various pretrial "detainers," *id.* at 11, and contest the deprivation of his civil rights by the Courts, *id.* at 12. Cobble, thus, did not comply with the Court Orders.

Cobble's second filing, doc. 15, complains of mail delivery problems. He argues that he never received an identification card and therefore was unable to receive his mail. *Id.* at 2. He disputes the explanation noted on the docket for mail delivery failure. *Id.* He makes arguments regarding discrepancies in his name, first regarding the use of the name Daniel Castleberry and then discussing the use of the name Johnathan Wayne Clemens. *Id.* at 4. Finally, he appears to explain that his "legal property" was stolen by Georgia State Prison, and thus he is unable to state his case numbers or history in compliance with the Orders. Besides, he argues, he is disputing a different "detainer" and thus it is not possible for him to have previously challenged the present one. *Id.* at 5-7. Cobble also makes arguments about the relevancy of § 2254 and asks the Court whether it has received his various other civil rights complaints. He again has not obeyed Court Order and has not shown cause as to why he is unable to do so.

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802

(11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)) (quotation marks omitted).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *see also Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citing *Morewitz*, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor*, 251 F. App'x at 619; see also *Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802–03. While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply

defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). The Court ordered Cobble to file an appropriate IFP form or remit payment, to disclose his cases under penalty of perjury, and to use the provided §2241 form so that the Court may determine the sufficiency of his claims. He did not and has never complied with any court order in this case, and he has failed to prosecute his claims because he has not paid the filing fee. Thus, his case should be dismissed.

Accordingly, it is **RECOMMENDED** that Cobble's 28 U.S.C. §2241 petition seeking habeas relief, doc. 1, be **DISMISSED** for failure to comply with court order and for failure to prosecute. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United*

*States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.   28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).  This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED, REPORTED, AND RECOMMENDED** this 17th day of July, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA